IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MARIA ESQUIVEL AND ROSANA SANDOVAL *Plaintiff,* § § § § | |
| v. § | CIVIL ACTION NO.   3:21-cv-00282 |
| § | |
| LA CARRIER AND AN QUANG VUONG *Defendants.* § § § § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:**

**COMES NOW** Defendant, An Quan Vuong, and hereby petitions this Court pursuant to 28 U.S.C. sections 1332, 1441(b), and 1446 for removal on the basis of diversity jurisdiction to the United States District Court for the Western District of Texas, El Paso Division, of the action numbered and styled *Maria Esquivel and Rosana Sandoval v. LA Carrier and An Quang Vuong*; Cause No. 2021DCV3045; In the County Court at Law No. 3, El Paso County, Texas, (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

## I.
## REMOVAL IS TIMELY

1. Defendant An Quan Vuong was never served with Plaintiffs' Original Petition (the "Petition") but entered an appearance in the State Court Case on October 28, 2021.[1] Service on

---

[1] "Texas provisions for service of statutory agents do not constitute 'receipt by the defendant' for the purpose of beginning the thirty-day removal period." *Monterrey Mushrooms, Inc. v. Hall,* 14 F. Supp. 2d 988, 991 (S.D. Tex. 1988) (citing *Kurtz v. Harris,* 245 F. Supp. 752, 754 (S.D.Tex.1965)). Rather, the removal period begins when the defendant actually receives service. *Id.; see also Microtune, Inc. v. Big Shine Worldwide, Inc.,* No. 3:03–CV–726–K, 2004 WL 414901, at *2 (N.D. Tex. Feb. 11, 2004) (service on the Secretary of State is not sufficient to commence the time period for removal)." *See American Film & Printing, Ltd. V. Cowart Mulch Prods, Inc.*, 2015 WL 5836599, at *2 (N.D. Tex. July 16, 2015).

Defendant An Quan Vuong was requested through the Chairman of the Texas Transportation Commission. *See* Exhibit 3b, Pls. Orig. Pet., ¶ 2.04. The thirty-day removal period for Defendant An Quan Vuong to remove this matter to federal court, began to run on either the date he received Plaintiffs' Petition or the date he filed his Original Answer in the State Court Case. *See Monterrey Mushrooms, Inc.,* 14 F. Supp. 2d at 991.

2. Service of process on Defendant An Quan Vuong was requested through the Chairman of the Texas Transportation Commission. *See* Exhibit 3b, Pls. Orig. Pet., ¶ 2.04. The Chairman of the Texas Transportation Commission was served with process on September 7, 2021, and forwarded the Petition and Citation to Defendant An Quan Vuong, via certified mail, on September 13, 2021. *See* Exhibit 3e, Return of Citation from Tx. Transp. Comm., at pg. 3; and Exhibit 3g, Tx. Transp. Comm Certificate, ¶ 2. However, due to a defect or error in the address—consisting of transposed numbers—Defendant An Quan Vuong never received the Petition, as the Citation and copy of Plaintiffs' Petition were returned to the Chairman of the Texas Transportation Commission on September 27, 2021.[2] The incorrect address on the Citation and copy of Plaintiffs' Original Petition, precluded Defendant An Quan Vuong from being properly served with Plaintiffs' Petition.

3. Upon receiving notice that a lawsuit had been filed against him, Defendant An Quan Vuong made an appearance and filed an Answer in the State Court Case, on October 28,

---

[2] Plaintiffs requested that Citation to An Quang Vuong was be served on him at his address "**4934** Rosemead Blvd." *See* Exhibit 3b, Pls. Orig. Pet., ¶ 2.04 (emphasis added); and Exhibit 3c, Process Request for An Quang Vuong (emphasis added). The Texas Transportation Commission Chairman's Certificate reports that the Citation and copy of Plaintiffs' Original Petition and Jury Demand were forwarded, via U.S. Certified Mail to An Quang Vuong at "**4394** Rosemead Blvd." *See* Exhibit 3g, Tx. Transp. Comm Certificate, at ¶ 2 (emphasis added). Review of the online tracking information for the identified "U.S. Certified Mail, certified number 7017 2400 0000 6854 0752" shows the package was returned to the "delivered to the original sender at 7:40 am on September 27, 2021." *See* Exhibit 3g, Tx. Transp. Comm Certificate, ¶ 2 and USPS Tracking for tracking number 7017 2400 0000 6854 0752, available at: https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=70172400000068540752 (last accessed Nov. 5, 2021), which is attached hereto as Exhibit 2.

2021. This Notice of Removal is filed within thirty (30) days of Defendant An Quan Vuong filing an Answer to Plaintiffs' Petition and is therefore timely filed under section 1446(b) of the United States Code. 28 U.S.C. § 1446(b). Defendant An Quan Vuong seeks to remove the matter and is therefore the Removing Defendant.

## II.
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

4. The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties. Plaintiffs in this action are citizens of a different state from Defendants, and no defendant is a citizen of Texas. As a result, complete diversity exists.

5. Plaintiff Maria Esquivel was a citizen of the Doña Ana County, New Mexico at the time this action was filed. Consequently, Plaintiff Maria Esquivel was at the time this action was commenced, and is currently, a citizen of the State of New Mexico and no other state.

6. Plaintiff Rosana Sandoval was a citizen of the State of New Mexico at the time this action was filed. Consequently, Plaintiff Rosana Sandoval was at the time this action was commenced, and is currently, a citizen of the State of New Mexico and no other state.

7. Defendant LA Carrier, is a corporation formed under the laws of the State of California, having its principal place of business now, and at the time this action was commenced, in the State of California. Defendant LA Carrier is now, and was at the time this action was commenced, a citizen of the State of California and of no other state.

8. Defendant An Quan Vuong was a citizen of Los Angeles County, California at the time this action was filed. Consequently, Defendant An Quan Vuong was at the time this action was commenced, and is currently, a citizen of the State of California and no other state.

## III.
## AMOUNT IN CONTROVERSY

9. In addition to complete diversity of citizenship, the complaint must meet this Court's $75,000.00 jurisdictional threshold. The method for properly asserting the amount in controversy are outlined in section 1446 of the United States Code. 28 U.S.C § 1446. First, the Notice of Removal may assert the amount in controversy, if the initial pleadings were not required to include a specific monetary demand or permit damages in excess of the pleadings. *Id.* § 1446(C)(2)(A). Second, removal is proper upon showing by the preponderance of the evidence that the amount in controversy exceeds this Courts $75,000.00 threshold. *Id.* § 1446(C)(2)(B). Further, parties may rely on an estimation of damages calculated from the allegations in the complaint to prove the amount in controversy. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008); *Meridian Sec. Ins. v. Sadowski,* 441 F.3d 536, 541 (7th Cir. 2006); *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999). Once a defendant satisfies its burden, any plaintiff wanting to remand the cause to back to state court must prove to a legal certainty that, if successful, it would not be able to recover more than the jurisdictional amount. *See McPhail,* 529 F.3d at 955.

10. A common-sense review of the Plaintiffs' Original Petition in the instant case clearly shows that the alleged damages easily exceed $75,000.00. Plaintiffs' Petition alleges damages and seeks relief in excess of $1,000,000.00. *See* Exhibit 3b, Pls. Orig. Pet., ¶ 3.02. Further, the Petition states that Plaintiffs "suffered life threatening injuries" as a result of the incident made the basis of this lawsuit. Pls. Orig. Pet, ¶ 4.02. Plaintiffs claim relief in a monetary amount over $1,000,000.00. *See* Exhibit 3b, Pls. Orig. Pet. ¶ 3.02.

11. Federal courts have held that cases of severe personal injury "often will subject a tortfeasor to possible exposure well beyond" the federal jurisdictional minimum and that such exposure is facially apparent. *De Aguilar v. Boeing,* 11 F.3d 55, 58 (5th Cir. 1993). Based on

Plaintiff's claimed damages, it is clear that Defendants will be subjected to exposure beyond the $75,000.00 jurisdictional threshold of this Court.

12. Additionally, according to Texas Rule of Civil Procedure 169, claimants who affirmatively plead that they seek only monetary relief aggregating $100,000.00 or less must bring the suit under the expedited actions process. TEX. R. CIV. P. 169(a)(1). However, Plaintiffs chose to bring suit under a Level 3 Discovery Control Plan pursuant to Texas Rule of Civil Procedure 190.4. *See* Exhibit 3b, Pls. Orig. Pet., ¶ 1.01. In fact, Plaintiffs affirmatively plead monetary relief sought of more than $1,000,000.00. *See* Exhibit 3b, Pls. Orig. Pet., ¶ 3.02. Plaintiffs have not affirmatively plead damages of $100,000.00 or less in this action.

13. Removing Defendant asserts that the amount in controversy in this matter exceeds the $75,000.00 threshold exclusive of interests and costs. *See* 28 U.S.C. § 1332(a). As plead the amount in controversy in this case is in excess of $1,000,000.00. *See* Exhibit 3b, Pl. Orig. Pet., ¶ 3.02. Removing Defendant asserts that the amount in controversy in this case is in excess of $75,000.00.

## IV.
## PROCEDURAL REQUIREMENTS

14. Removal of this action is proper under section 1441 of the United States Code, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under section 1332 of the United States Code because Plaintiffs and Defendants are diverse in citizenship. 28 U.S.C. §§ 1441 and 1332.

15. Defendant LA Carrier has consented and joined in this Removal, as evidenced by Defendant LA Carrier's Consent to and Joinder in Removal, attached hereto as Exhibit 4.

16. By virtue of filing this Notice of Removal, the Removing Defendant does not waive his rights to assert any motions to transfer venue or dismiss, including Rule 12 motions, permitted by the applicable Rules of Civil Procedure.

17. All of the papers on file in the State Court case at the time of removal are attached hereto as Exhibit 3. Those papers include certified copies of the Court's Docket Sheet, and copies of all pleadings, answers, and process and orders served on the Removing Defendant. 28 U.S.C. § 1446(a).

18. Pursuant to section 1446(b) of the United States Code, written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice. 28 U.S.C. § 1446(d).

19. Pursuant to section 1446(b) of the United States Code, a true and correct copy of this Notice will be filed with the Court Clerk of the County Court at Law No. 3, El Paso County, Texas promptly after the filing of this Notice. 28 U.S.C. § 1446(d).

## V.
## PRAYER FOR RELIEF

**WHEREFORE**, Defendant An Quan Vuong, pursuant to these statutes and in conformance with the requirements set forth in section 1446 of the United States Code, removes this action for trial from the County Court at Law No. 3, El Paso County, Texas to this Court, on this the 9th day of November, 2021.

Respectfully submitted,

By: /s/ *David L. Sargent*
    **DAVID L. SARGENT**
    State Bar No. 17648700
    david.sargent@sargentlawtx.com

**SARGENT LAW, P.C.**
1717 Main Street, Suite 4750
Dallas, Texas 75201
(214) 749-6516 (direct – David Sargent)
(214) 749-6316 (fax – David Sargent)

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 9th day of November 2021, a true and correct copy of the foregoing document was forwarded via U.S. Mail to all counsel of record:

Delaney Crocker
GLASHEEN, VALLES & INDERMAN, LLP
1302 Texas Avenue
Lubbock, Texas 79401
*Counsel for Plaintiffs*

    /s/ *David L. Sargent*
    **DAVID L. SARGENT**