**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| MARIA ESQUIVEL and ROSANA SANDOVAL, § § § *Plaintiffs*, § v. § § LA CARRIER and AN QUANG VUONG, § § *Defendants*. § | EP-21-CV-00282-DCG-1 |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Plaintiffs Maria Esquivel and Rosana Sandoval's "Motion to Remand to State Court" (ECF No. 8). For the reasons that follow, the Court denies the motion.

### I. BACKGROUND

On August 30, 2021, Plaintiffs brought this lawsuit in the County Court at Law No. 3, El Paso County, Texas. According to their original petition, Plaintiffs suffered injuries in a collision between a freightliner tractor-trailer and a car that occurred on a highway in El Paso, Texas on August 20, 2020: Defendant An Quang Vuong was driving the freightliner, Esquivel was driving the car, and Sandoval was a passenger in the car.[1] Plaintiffs sued Vuong and Defendant LA Carrier, asserting, among other state-law claims, a claim for negligence.[2] The petition alleges that LA Carrier is the owner of the tractor-trailer and Vuong's employer.[3] It

---

[1] Def.'s Ex. 3 at 9, ECF No. 1-3. Citations to all exhibits refer to the Electronic Case Filing (ECF) page numbers imprinted on the pages of the exhibits.

[2] *Id.* at 9–11.

[3] *Id.* at 9–10.

further alleges that Plaintiffs are New Mexico residents, Vuong is a California resident, LA Carrier is a California corporation.[4]

In September 2021, Plaintiffs, through a process server, sent a copy of the summons and the original petition to the Texas Secretary of State as an agent for service of process on LA Carrier.[5] The Secretary received the documents on September 13, 2021, forwarded them, via certified mail, return receipt requested, to LA Carrier on September 21, 2021, and later received a return receipt dated September 24, 2021.[6]

Also in September 2021, Plaintiffs, through a process server, sent a copy of the summons and the petition to the Chairman of the Texas Transportation Commission as an agent for service of process on Vuong.[7] The Chairman received the documents on September 13, 2021, and immediately (on or before September 14) forwarded them, via certified mail, return receipt requested, to Vuong.[8] There was but one issue with service of process on Vuong: Whereas

---

[4] *Id.* at 7–8.

[5] *Id.* at 17, 27; *see also* Tex. Civ. Prac. & Rem. Code § 17.044(b) ("The secretary of state is an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party."); *Kerlin v. Sauceda*, 263 S.W.3d 920, 927 (Tex. 2008) ("[A] nonresident does business 'in this state' if, among other acts, . . . the nonresident commits a tort in whole or in part in this state." (quoting Tex. Civ. Prac. & Rem. Code § 17.042)).

[6] Pls.' Mot. to Remand, Ex. B, ECF No. 8; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 17.045(d) (requiring the Secretary to send the process or notice by registered mail or by certified mail, return receipt requested).

[7] Def.'s Ex. 3 at 15, 21; *see also* Tex. Civ. Prac. & Rem. Code § 17.062(a) ("The chairman of the Texas Transportation Commission is an agent for service of process on a person who is a nonresident . . . in any suit against the person . . . that grows out of a collision or accident in which the person or . . . is involved while operating a motor vehicle in this state."); Tex. Civ. Prac. & Rem. Code Ann. § 17.063(b)–(c) (requiring the Chairman to immediately send to non-resident, by properly addressed letter and by registered mail or by certified mail, return receipt requested, a copy of the process and notice that the process has been served on the chairman).

[8] *Id.* at 31.

Plaintiffs' request for summons listed Vuong's address as "4**93**4 Rosemead Blvd, San Gabriel, California 91776,"[9] the summons listed his address as "4**39**4 Rosemead Blvd., San Gabriel, CA 91776,"[10] and the Chairman forwarded the summons and the petition to the address listed on the summons.[11]  According to tracking information provided at a United States Postal Service website, the Chairman's mail was "delivered to the original sender" on September 27, 2021.[12]

On October 28, 2021, before state court, Vuong and LA Carrier jointly filed an answer to Plaintiffs' original petition.[13]  On November 9, 2021, pursuant to 28 U.S.C. §§ 1441(b) and 1446, Vuong filed a notice of removal in this Court removing the case on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  LA Carrier consented to and joined in the removal.[14]  On December 7, 2021, Plaintiffs filed the instant motion to remand.  Vuong filed a response to the motion on December 15, and Plaintiffs followed by filing a reply on December 20.

## II.  DISCUSSION

By their motion, Plaintiffs ask the Court to remand the case to state court on the ground that removal was untimely.[15]  Mot. to Remand at 5–6.  Removal statutes provide: "The notice of

---

[9] *Id.* at 15 (bold and underline emphasis added).

[10] *Id.* at 19 (same).

[11] *Id.* at 31.

[12] *See* Def.'s Ex. 2, ECF No. 1-2; Notice of Removal at 2 & n.2, , ECF No. 1.

[13] Def.'s Ex. 3 at 34.

[14] Def.'s Ex. 4, ECF No. 1-4.

[15] Vuong asserts, and Plaintiffs do not dispute, that this Court has diversity jurisdiction over this action.  Specifically, the Notice of Removal alleges that compete diversity exists because Plaintiffs are citizens of New Mexico, and Vuong and LA Carrier are citizens of California.  Notice of Removal at 3; *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("To properly allege diversity jurisdiction under § 1332, the parties need to allege complete diversity." (internal quotes omitted)); *cf. Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 297 (4th Cir. 2008) ("While a

removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). "Failure to remove within the thirty-day time limit set forth in § 1446(b) constitutes a defect in removal procedure," not a jurisdictional defect, *F.D.I.C. v. Loyd*, 955 F.2d 316, 320–21 (5th Cir. 1992), and "justif[ies] a remand," *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999).[16] "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). "'This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute.'" *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008) (citing *Albonetti v. GAF Corp.-Chem. Grp.*, 520 F. Supp. 825, 827 (S.D. Tex. 1981)).

Vuong argues that he was never served with the summons and Plaintiffs' original petition as service through the Chairman of the Texas Transportation Commission's was defective. Vuong's Resp. to Mot. to Remand at 10, ECF No. 11; Notice of Removal at 2; *see also* Tex. Civ.

---

defendant filing a notice of removal under 28 U.S.C. § 1446(a) need only *allege* federal jurisdiction with a short plain statement—just as federal jurisdiction is pleaded in a complaint—when removal is challenged, the removing party bears the burden of *demonstrating* that removal jurisdiction is proper."). Plaintiffs' original petition alleges that they are residents of New Mexico. Def.'s Ex. 3 at 7, *cited in* Vuong's Resp. to Mot. to Remand at 5; *see also Hollinger v. Home State Mut. Ins*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence . . . is prima facie proof of his domicile."); *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 814 (5th Cir. 2007) ("In the context of diversity jurisdiction, once a person establishes his domicile in a particular state, he simultaneously establishes his citizenship in the same state."). Vuong alleges that he is a citizen of Los Angeles County, California, and LA Carrier is a California corporation having its principal place of business in California. Notice of Removal at 3. Plaintiffs seek damages in excess of $1,000,000. Def.'s Ex. 3 at 8.

[16] Plaintiffs' motion to remand was timely. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.").

Prac. & Rem. Code Ann. § 17.063(d) ("After the chairman deposits the copy of the process in the mail, it is presumed that the process was transmitted by the chairman and received by the nonresident . . . . The presumption may be rebutted."). He explains that the Chairman's mail (with the summons and the petition) was returned undelivered due to an error in the address, consisting of transposed numbers and therefore, he never received the mail. Notice of Removal at 2 & n.2; Vuong's Resp. to Mot. to Remand at 8; *see also* Def.'s Ex. 2; Def.'s Ex. 3 at 15, 31. Vuong claims that removal was timely because the thirty-day removal period for him "began to run on either the date he received Plaintiffs' Petition" through other means "or the date he filed his Original Answer in the State Court Case." Notice of Removal at 1–2; *see also* Vuong's Resp. to Mot. to Remand at 4, 10.

Plaintiffs do not dispute Vuong's assertion that he was never served or his evidence in support of that assertion. They argue however that Vuong fails to state, much less file proof of, when he actually received notice of the lawsuit—an event, Plaintiffs believe, "start[ed] the clock on the thirty-day time limit." Mot. to Remand at 6. Consequently, claim Plaintiffs, Vuong has failed to meet his burden to show that his notice of removal was timely. *Id.*

Although Vuong does not state exactly when he first received notice of the lawsuit or a copy of the original petition,[17] the date of such receipt seems immaterial under the

---

[17] Vuong states as follows:

> Defendant's counsel was made aware of Plaintiffs' Original Petition on October 25, 2021, when they received a letter from Plaintiffs' counsel alleging that both named Defendants had been served. Defendant, upon receiving notice "through other means" was made aware of the claims against him, the option for removal of this matter to federal court and entered an appearance in the State Court Case by filing Defendants' Original Answer, on October 28, 2021.

Vuong's Resp. to Mot. to Remand at 10. Vuong's response falls short of squarely stating when exactly he received notice of the lawsuit or a copy of the complaint: stating that Vuong's counsel—who also represents LA Carrier, which, in turn, is Vuong's employer (LA Carrier received a copy of the summons and the petition as early as September 24, 2021)—was made aware of the original petition on October 25,

- 5 -

circumstances.  The Supreme Court has clarified Section 1446(b)'s language "the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading" (emphasis added), such as a complaint, to mean that a defendant's time to remove is triggered by (1) "simultaneous service of the summons and complaint," or (2) "receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999), *abrogating Reece v. Wal-Mart Stores, Inc.*, 98 F.3d 839, 841 (5th Cir. 1996) (reading § 1446(b) to mean that removal period begins with receipt of a copy of the initial pleading through any means, not just service of process).  Either way, "the time for removal commences on formal service of process, *not* by mere receipt of the complaint unattended by any formal service." *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007) (cleaned up); *see also Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 304 (5th Cir. 2014) ("The term 'service of process' is defined by state law, and thus we must evaluate propriety of service under Texas law." (cleaned up)).  Because Vuong was never served,[18] the date (whatever that is) on which he first received the notice of the lawsuit or a copy

---

2021, is not the same as saying that Vuong too was made aware of the same for the first time on that date. *See* Pls.' Reply to Vuong's Resp. at 4 & n.1, ECF No. 12.

[18] *Cf., e.g.*, *GMR Gymnastics Sales, Inc. v. Walz*, 117 S.W.3d 57, 59–60 (Tex. App.—Fort Worth 2003, pet. denied) (holding the Secretary of State's return of service bearing the notation "NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD" is prima facie evidence that the defendant was not served); *Comm'n of Contracts of Gen. Executive Comm. of Petroleum Workers Union of Republic of Mexico v. Arriba, Ltd.*, 882 S.W.2d 576, 586 (Tex. App.—Houston [1st Dist.] 1994, no writ) (holding service was invalid where the Secretary of State had forwarded copies of the citation and petition to the defendant at an incorrect address and the Secretary's mail was returned marked as "unclaimed"); *cf. also Royal Surplus Lines Ins. v. Samaria Baptist Church*, 840 S.W.2d 382, 383 (Tex. 1992) (setting aside default judgment where the Secretary of State forwarded a copy of the citation and petition to "1201 Bassie" instead of the defendant's agent's correct address "1201 Bessie" and the letter was returned "unclaimed"), *and Capitol Brick, Inc. v. Fleming Mfg. Co.*, 722 S.W.2d 399, 401 (Tex. 1986) ("In order for a trial court to acquire jurisdiction necessary to support a default judgment upon substituted service, . . . there must be proof in the record that the defendant was, in fact, served in the manner required by statute.").

of the original petition did not trigger the running of Section 1446(b)'s thirty-day time limit.  *See Shakouri v. Davis*, 923 F.3d 407, 409–10 (5th Cir. 2019) ("If a defendant is never properly served, the thirty-day limit for filing a notice of removal does not commence to run.").[19]

There is, however, one wrinkle in this case: What effect, if any, the state-court answer had on the thirty-day limit for removal?[20]  Although post-*Murphy Brothers*, the Fifth Circuit has not had an occasion to address this question on the facts of this case, at least three federal district courts in Texas have.  In each case, these courts have held that Section 1446(b)'s thirty-day removal period for a defendant who had not been formally or properly served commenced to run on the date on which the defendant filed an answer in state court.  *Cerda v. 2004-EQRI, LLC*, No. SA-07-CV-632-XR, 2007 WL 2892000, at *3 (W.D. Tex. Oct. 1, 2007); *George-Baunchand v. Wells Fargo Home Mortg., Inc.*, No. CIV.A. H-10-3828, 2010 WL 5173004, at *3–4 (S.D. Tex. Dec. 14, 2010); *Chambers v. Greentree Servicing, LLC*, No. 3:15-CV-1879-M-BN, 2015 WL 4716596, at *4 (N.D. Tex. Aug. 7, 2015).[21]

---

[19] *Cf.* 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3731 (4th ed.) ("[S]tatutory agents are not true agents but merely are a medium for transmitting the relevant papers. Accordingly, it now appears to be settled law that the time for removal begins to run only when the defendant or someone who is the defendant's agent-in-fact receives the notice via service, as prescribed in the *Murphy Brothers* case."); *Monterey Mushrooms, Inc. v. Hall*, 14 F. Supp. 2d 988, 991 (S.D. Tex. 1998) ("When service is effected on a statutory agent, the removal period begins when the defendant actually receives the process, not when the statutory agent receives process.").

[20] Although Vuong argues that the removal period began to run, optionally, on the date he filed the answer, he cites no authority in support of his argument.  Notice of Removal at 2.  Plaintiffs, on the other hand, do not even address this argument by Vuong.

[21] In its opinion, the *Chambers* court writes that "Defendant waived service and appeared on April 30, 2015," 2015 WL 4716596, at *1, and ultimately concludes that "Defendant had thirty days from the date on which it waived service in which to remove," *id.*, at *4 (citing *George-Baunchand*, 2010 WL 5173004, at *4).  Although the court's opinion does not state how the defendant made its appearance in state court, the defendant's brief in that case indicates that it appeared by filing an answer.  *See* Def.'s Resp. to Pls.' Am. Mot. to Remand at 2, *Chambers*, No. 3:15-CV-1879-M-BN (N.D. Tex. June 15, 2015) ("Plaintiff did not properly serve Defendant.  Defendant did, however, make an appearance through its original answer filed on April 30, 2015.), ECF No. 9.

Texas law governing general appearance and waiver of service of process lend some support for these courts' holding.  *Cf. Murphy Bros., Inc.*, 526 U.S. at 351 ("Unless a named defendant *agrees to waive service*, the summons continues to function as the *sine qua non* directing an individual or entity [named defendant] to participate in a civil action or forgo procedural or substantive rights." (first italic added)).  A "defendant may enter an appearance," and "[s]uch appearance . . . shall have the same force and effect as if the citation had been duly issued and served as provided by law."  Tex. R. Civ. P. 120.  Thus, a defendant "can waive defects in service by entering a general appearance."  *J. O. v. Tex. Dep't of Family & Protective Servs.*, 604 S.W.3d 182, 188 (Tex. App.—Austin 2020, no pet.) (citing Tex. R. Civ. P. 120).  And "[f]iling an answer constitutes a general appearance."  *Phillips v. Dallas Cnty. Child Protective Servs. Unit*, 197 S.W.3d 862, 865 (Tex. App.—Dallas 2006, pet. denied) (citing Tex. R. Civ. P. 121).  "An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him."  Tex. R. Civ. P. 121.

Thus, for example, where an applicable statute sets a prospective time limit triggered by service of process, Texas courts have held that an unserved or improperly served defendant's filing an answer commenced the running of the time limit, but not before.  *See, e.g.*, *Grant v. Pivot Tech. Sols., Ltd.*, 556 S.W.3d 865, 886 (Tex. App.—Austin 2018, pet. denied) (stating the defendants "validly waived service . . . when they . . . filed their answer, but not before" and therefore, the 60-day deadline for these defendants to file their motion to dismiss under Texas Civil Practice and Remedies Code § 27.003(b) of the Texas Citizens' Participation Act "began to run from that date" (citing Tex. R. Civ. P. 121); *Jordan v. Hall*, 510 S.W.3d 194, 198 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (holding similar (citing Tex. R. Civ. P. 121 and *Bacharach v. Garcia*, 485 S.W.3d 600, 602 (Tex. App.—Houston [14th Dist.] 2016, no pet.)),

*abrogated on other grounds by Montelongo v. Abrea*, 622 S.W.3d 290 (Tex. 2021); *see also* Tex. Civ. Prac. & Rem. Code § 27.003(b) ("A motion to dismiss a legal action under this section must be filed not later than the 60th day after the date of service of the legal action.").

Likewise, the Court concludes that for an unserved or improperly served defendant, filing an answer in state court commences the running of the thirty-day removal period under Section 1446(b). Because Vuong filed his answer in state court on October 28, 2021, and filed the notice of removal on November 9, 2021, which falls within thirty days after his filing of the answer, the Court finds that the removal was timely. *Cf. City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 213–14 (5th Cir. 2005) (stating removal was timely, where the defendant, who was not properly served before removal, filed a notice of removal along with an answer to the plaintiff's complaint in federal court, reasoning that "[t]he filing of the answer constitutes a voluntary appearance in the federal district court" and the defendant therefore "was properly a party in federal district court"). Plaintiffs' motion to remand is denied.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs Maria Esquivel and Rosana Sandoval's "Motion to Remand to State Court" (ECF No. 8) is **DENIED**.

**So ORDERED and SIGNED this  4th   day of January 2022.**

_____
**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**